**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                    **Case No. 02-40072-01**
                                       **07-4028-RDR**

GWYNDELL B. DECLERCK,

        Defendant.

_____

<u>**MEMORANDUM AND ORDER**</u>

Defendant was representing himself in a trial of a four-count indictment when he decided to plead guilty to two counts of the indictment as part of a plea bargain in which he secured his right to appeal certain issues to the Tenth Circuit.  Defendant pleaded guilty to a violation of the Hobbs Act, 18 U.S.C. § 1951 and to a charge of brandishing a weapon during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  Defendant was assisted by standby counsel during the trial and at the time of the guilty plea.  His standby counsel was permitted to withdraw by this court at the conclusion of the sentencing hearing, but he was appointed by the Tenth Circuit to represent defendant on appeal.  Defendant's appellate counsel filed an <u>Anders</u> brief on appeal and moved for leave to withdraw as appellate counsel.  Defendant, in his reply to the motion to withdraw, raised additional issues on appeal.  The Tenth Circuit granted leave to withdraw and dismissed the appeal after addressing the issues raised by counsel and by

defendant.  Review was denied by the Supreme Court.

This matter is now before the court upon defendant's motion to vacate his convictions under 28 U.S.C. § 2255.  Under § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Rule 4(b) of the rules governing § 2255 motions:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

The court believes it is plain that the motion to vacate must be dismissed.

The first argument made in defendant's motion is that his guilty plea was not knowingly, intelligently and voluntarily made. This argument was also made on direct appeal and was rejected by the Tenth Circuit which said:  "there is no indication that Mr. DeClerck's plea was involuntary." U.S. v. DeClerck, 135 Fed.Appx. 167, 170 (10th Cir. 2005).  The Circuit also held that this court complied with FED.R.CRIM.P. 11 in conducting the guilty plea proceeding.  Id. A defendant is procedurally barred from raising an issue on a motion to vacate where the issue was raised and decided on direct appeal. U.S. v. Walters, 333 F.Supp.2d 1022,

2

1031 (D.Kan. 2004) citing, <u>U.S. v. Nolan</u>, 571 F.2d 528, 530 (10th Cir. 1978).   We further note that, contrary to defendant's assertions, defendant was informed prior to entering his guilty plea of the maximum penalties (Doc. No. 277, Tr. 240-41); that parole has been abolished (Doc. No. 277, Tr. 245); and that a term of supervised release could be part of his sentence (Doc. No. 277, Tr. 246).

Defendant was not offered the opportunity to withdraw his guilty plea during the hearing, but at that time he had not entered a guilty plea.   There was nothing to withdraw.   Defendant was not told how good time credits are calculated or the actual time he would serve.   Instead he was told, like most defendants who plead guilty, that the court could not tell him what his sentence would be.   (Doc. No. 277, Tr. 245).   He still decided to plead guilty. Defendant was not told that the Sentencing Guidelines were advisory or that his sentence would be reviewed on the basis of a reasonableness standard because that was not the law at the time of his guilty plea.   The subsequent change in the law did not cause the Tenth Circuit to alter defendant's sentence or remand the case for this court to resentence defendant.   There is no logical reason to find that the change in the law would have made a difference in defendant's decision to plead guilty.

Defendant's second argument for relief is that his guilty plea was coerced by this court's predisposition that defendant was

guilty, by trial rulings which limited defendant's cross-examination of witnesses and denied witness subpoenas, and by his standby counsel's comments that the court would throw the book at defendant if defendant persisted with the trial. We reject this argument for the following reasons. First, to the extent that this argument was made on direct appeal, where defendant asserted his guilty plea was involuntary and that the undersigned judge should have recused from the case, it cannot be repeated here. Second, the argument could have been made on direct appeal, and the Tenth Circuit has held that "a § 2255 petition is not an appropriate vehicle to raise issues that should have been raised on direct appeal." U.S. v. Bolden, 472 F.3d 750, 751-52 (10th Cir. 2006). Third, the court's rulings regarding defendant's cross-examination were justified by defendant's persistent reference to issues which were not relevant to the jury. Further, the court did not deny all of defendant's requested trial subpoenas and explained the court's rulings in Doc. No. 224. Finally, the court made comments regarding defendant's guilt only after defendant and his co-defendant had pleaded guilty and admitted to the factual basis of the charges. It should be noted as well that defendant's arguments in this matter have never centered upon factual innocence. Instead, they have centered on jurisdictional issues and matters relating to racial profiling and a motion to suppress.

Defendant's third argument is that his conviction and sentence

were obtained in the absence of jurisdiction.   Defendant first
notes that evidence was obtained in violation of the Fourth
Amendment.   This argument has been rejected previously by the Tenth
Circuit and, in any event, does not have any bearing upon
jurisdiction.  135 Fed.Appx. at 169-70.  Defendant next notes that
the Hobbs Act, 18 U.S.C. § 1951 is unconstitutional.   This argument
has been rejected by the Tenth Circuit.  U.S. v. Pearson, 159 F.3d
480, 482-83 (10th Cir. 1998).   The Tenth Circuit on direct appeal
of this case also held that:   "The indictment and record clearly
establish the jurisdiction of the federal district court."   135
Fed. Appx. at 169.   This appears to answer defendant's amorphous
contention that the United States had no claim against him.
Defendant further contends that the court had no jurisdiction to
sentence him because 18 U.S.C. § 3553(b)(1) is unconstitutional.
The Booker decision did not hold that sentences issued under the
mandatory Guidelines system were done without jurisdiction.   The
Court held that the mandatory provisions should be excised and that
pre-Booker cases on direct review would be considered in light of
ordinary prudential doctrines.  U.S. v. Booker, 543 U.S. 220, 268
(2005).  Defendant's sentence was reviewed accordingly by the Tenth
Circuit.  135 Fed.Appx. at 171.  Finally, defendant makes the claim
that the "criminal code" was not passed into law as required by
Article I of the Constitution.   The "criminal code" is made up of
statutes passed at different times.   Defendant does not assert that

the statutes to which defendant pleaded guilty of violating failed to be passed by Congress and signed by the President.  There is no reason to believe the statutes are invalid or to hold that the court lacked jurisdiction to convict and sentence defendant.

Next, defendant contends that he had ineffective assistance of counsel.  Defendant was representing himself at trial with the aid of standby counsel.  It appears clear to the court that defendant maintained control of his defense and, therefore, he cannot establish a claim that his standby counsel was constitutionally ineffective.  See U.S. v. Dotson, 28 Fed.Appx. 801 (10th Cir. 2001); U.S. v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998).  Furthermore, the specific allegations of ineffective assistance repeat arguments previously rejected in this order.  Defendant is either factually in error or legally in error in his assertions that his standby counsel performed deficiently and in a manner which caused prejudice to his defense.

Finally, defendant contends that his conviction and sentence should be vacated because the Bureau of Prisons does not allow inmates to have access to their presentence reports, thus precluding defendant from presenting claims relating to the calculation of his sentence.  Defendant does not explain how the denial of access to his presentence report shows that the sentence in this case was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction,

or that the sentence was in excess of the maximum authorized by law. Therefore, this argument does not justify relief under § 2255. Moreover, defendant had access to the presentence report prior to sentencing, and the denial of access after the sentencing hearing is a matter which could have been raised on direct appeal. Consequently, defendant's final argument for relief fails.

In conclusion, for the above-stated reasons, the court shall dismiss defendant's motion to vacate.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2007 at Topeka, Kansas.


s/Richard D. Rogers
United States District Judge